**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-7528**

─────────────

UNITED STATES OF AMERICA,

                Petitioner - Appellee,

        v.

PETER M. EBEL,

                Respondent - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:10-hc-02124-BO)

─────────────

Submitted:  June 27, 2014            Decided:  July 9, 2014

─────────────

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., Denise Walker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter M. Ebel appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 ("Adam Walsh Act"), 18 U.S.C. §§ 4247-48 (2012). We have reviewed the record and affirm.

The Adam Walsh Act allows for the civil commitment of a "sexually dangerous person" following the expiration of his federal prison sentence. In order to civilly commit an individual as sexually dangerous, the Government must prove by clear and convincing evidence that the individual: (1) has engaged or attempted to engage in sexually violent conduct or child molestation; (2) currently suffers from a serious mental illness, abnormality, or disorder; and (3) as a result of the illness, abnormality or disorder, would have serious difficulty in refraining from sexually violent conduct or child molestation if released. 18 U.S.C. §§ 4247(a), 4248(d).

In assessing sexual dangerousness, "it is for the factfinder to decide among reasonable interpretations of the evidence and determine the weight accorded to expert witnesses." United States v. Hall, 664 F.3d 456, 467 (4th Cir. 2012); see United States v. Francis, 686 F.3d 265, 275 (4th Cir. 2012) ("[W]hether an individual is mentally ill to this degree turns on the significance of the factual information as viewed by the

2

expert psychiatrists and psychologists."). The serious difficulty prong of sexual dangerousness refers to the degree of an individual's "volitional impairment, which impacts the person's ability to refrain from acting upon his deviant sexual interests." Hall, 664 F.3d at 463 (internal quotation marks omitted).

Ebel asserts three constitutional challenges to his commitment: (1) the civil commitment statute, 18 U.S.C. § 4248, violates equal protection principles by limiting its application to prisoners; (2) § 4248 levies an unconstitutional criminal punishment; and (3) the reasonable doubt standard must apply to findings in § 4248 hearings. As Ebel concedes, however, each of these arguments is foreclosed by our decision in United States v. Timms, 664 F.3d 436, 444-56 (4th Cir. 2012).

Ebel next contends that the district court committed clear error in finding that he meets the requirements for civil commitment. Ebel asserts that the district court improperly weighed evidence presented by the government and ignored evidence presented in his favor. Additionally, Ebel asserts that the district court erred in finding credible the government's expert witnesses. We review the district court's factual findings for clear error, and its legal conclusions de novo. Hall, 664 F.3d at 462. Where the factual findings are based on the district court's evaluation of conflicting expert

3

testimony, we are especially reluctant to set aside its determinations. United States v. Heyer, 740 F.3d 284, 292 (4th Cir. 2014).

Ebel conceded below that he previously engaged in child molestation, and he does not contest in this appeal that he suffers from a serious mental disorder. He does contend that the district court clearly erred in finding the necessary third prong, that he would have serious difficulty in refraining from sexually violent conduct or child molestation if released. 18 U.S.C. §§ 4247(a)(6), 4248. "Evaluating the credibility of experts and the value of their opinions is a function best committed to the district courts," and the district court here did not clearly err in accepting the opinion of the government's expert witnesses that Ebel is at a high risk for recidivism upon release and rejecting the testimony of Ebel's own expert to the contrary. See Hall, 664 F.3d at 464. Further, as we have previously explained, in evaluating a particular individual's risk of recidivism the district court may rely on actuarial tests, his participation in treatment, his ability to control his impulses, and his commitment to controlling his behavior, id., as well as his "deviant sexual thoughts" and "cognitive distortions and thinking errors about the appropriateness of children as sexual partners." United States v. Wooden, 693 F.3d 440, 462 (4th Cir. 2012). Because these are precisely the

4

factors the district court considered in Ebel's case, we find no clear error in its conclusions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>